

not only did the plan promise to end the dual system in September, 1970 but that in actuality it did so. He did not abuse his discretion by entering the injunction, and would have erred had he not done so.

Counsel for the parties represent to this court that there are not involved in the case any of the issues embraced in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, and that the system is unitary.

It is ordered that the judgment of the District Court is affirmed. The cause is remanded to the District Court with instructions to determine if the system is unitary and if so to enter a final order terminating the case.

Larry Bodiford, Panama City, Fla., (Court-appointed), for defendant-appellant.

William Stafford, U. S. Atty., Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur Alex SIRMANS, Defendant-Appellant.**

**No. 71–1025**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 14, 1971.

**In the Matter of Noah Eddie BAILEY, Bankrupt.**

**Noah Eddie Bailey, Appellant.**

**No. 31038.**

United States Court of Appeals, Fifth Circuit.

June 9, 1971.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

The appellant contends that the guilty verdict is contrary to the weight of the evidence and that there is no sufficient substantial evidence to support the verdict.